IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RITA BYRNES & BERNARD BYRNES, | HON. JEROME B. SIMANDLE |
| Plaintiffs, | Civil No. 05-5960 (JBS) |
| v. | |
| CITY OF BRIGANTINE & MARK LEMONAGER, | **MEMORANDUM OPINION** |
| Defendants. | |

**SIMANDLE**, District Judge:

This matter is before the Court upon Plaintiffs' motion for an order declaring the Court's entry of summary judgment as to the claims of Plaintiff Bernard Byrnes final pursuant to Rule 54(b), Fed. R. Civ. P. [Docket Item 31]. THIS COURT FINDS AS FOLLOWS:

1. This is a civil rights action brought pursuant to 42 U.S.C. § 1983 by Plaintiffs Rita and Bernard Byrnes. On the evening of January 6, 2004, Mr. and Mrs. Byrnes were stuck in traffic at the Brigantine Bridge in Brigantine, New Jersey, due to an emergency personnel response to a fatal car accident on the road ahead of them. See Byrnes v. City of Brigantine, 05-5960, 2007 WL 4440229, at *1 (D.N.J. Dec. 12, 2007). Defendant Lemonager, a police officer, was directing cars traveling in Plaintiffs' direction to turn around and return to Atlantic City. Id. When Plaintiffs' vehicle reached Defendant Lemonager's position, Mr. Byrnes asked if Plaintiffs could continue in the

direction of Brigantine, Defendant Lemonager denied Plaintiffs' request, and, after an extended conversation, Defendant Lemonager ordered Mr. Byrnes to pull over onto the side of the road.  Id.

2.  Plaintiffs initially complied with Defendant Lemonager's order, but Mr. Byrnes became impatient when Defendant Lemonager did not immediately attend to them, and eventually exited the vehicle, retrieved his walker from the trunk, and began to ambulate in the direction of Brigantine.  Id.  While the parties dispute precisely what transpired next, it is clear that Defendant Lemonager approached Mr. Byrnes and, upon Lemonager's application of a disputed amount of force, Mr. Byrnes wound up on the ground.  Id. at *1-*2.  Plaintiffs allege that Lemonager tackled Mr. Byrnes and, after Mrs. Byrnes had exited the vehicle, placed her in a choke hold.  Id. at *1.  Defendant Lemonager claims that he merely touched Mr. Byrnes' arm and Mrs. Byrnes' elbow, but that both Plaintiffs deliberately and unnecessarily fell to the ground, immediately announcing their intention to file suit.  Id. at *2.  Both Plaintiffs allege that they sustained injuries as a result of these events.  Id.

3.  Plaintiffs were issued citations for disorderly conduct and petty disorderly conduct, and Mr. Byrnes was also issued a motor vehicle ticket.  Id.  After a bench trial in Municipal Court, Mr. Byrnes was found guilty of petty disorderly conduct and of failing to follow the lawful orders of a police officer,

and not guilty of disorderly conduct; Mrs. Byrnes was found not guilty of both charges.  Id. at *3.

    4.  Plaintiffs commenced this action against Lemonager and the City of Brigantine, asserting claims of false arrest, excessive force, and malicious prosecution under federal and New Jersey law, and assault and battery under New Jersey common law.  (Compl. ¶¶ 6-13.)

    5.  The parties filed cross-motions for summary judgment, which this Court addressed in an Opinion and Order entered on December 12, 2007.  The Court granted Defendants' motion for summary judgment as to all of Mr. Byrnes' claims.  Byrnes, 2007 WL 4440229, at *7.  As to Mr. Byrnes' claims for excessive force, assault, and battery, the Court found that Mr. Byrnes was collaterally estopped from contesting that he purposefully fell and mimicked being tackled in light of the contrary conclusion by the Municipal Court judge during the trial of Mr. Byrnes' disorderly conduct and traffic offenses.  Id.  As to Mr. Byrnes' false arrest and malicious prosecution claims, the Court found that Mr. Byrnes' conviction in Municipal Court precluded him from proving that Defendant Lemonager lacked probable cause or that the underlying action terminated in Mr. Byrnes' favor; the Court also found that Mr. Byrnes could not prove that he "suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding," further undermining his

malicious prosecution claim. Id. at *9 (quoting Estate of Smith v. Marasco, 318 F.3d 497, 521 (3d Cir. 2003)). As to Mrs. Byrnes' claims, the Court entered summary judgment in Defendants' favor as to Mrs. Byrnes' state constitutional claims, and determined that Mrs. Byrnes was not entitled to damages for pain and suffering or loss of income on her state law claims, but permitted the remainder of her claims to proceed. Id. at *12. Finally, the Court ordered that the jury trial upon Mrs. Byrnes' remaining claims would commence on February 11, 2008. (Docket Item 22 at 2.)

    6. On January 6, 2008, Mr. Byrnes filed a Notice of Appeal of the Court's decision. (Docket Item 24.) On February 4, 2008, the Court, noting that it "lacks jurisdiction to proceed during the pendency of the appeal, such that the scheduled trial date of February 11, 2008 must be adjourned as we await disposition of the appeal," entered an Order administratively terminating this matter "without prejudice to the right of any party to reopen the matter for further proceedings consistent with law." (Docket Item 27.) On February 11, 2008, Plaintiffs submitted a letter requesting that the Court enter final judgment as to Mr. Byrnes' claims in order for Mr. Byrnes to pursue his appeal before the trial upon his wife's remaining claims. (Docket Item 28.) In a letter filed shortly thereafter, Defendants opposed Plaintiffs' request, noting that Plaintiffs

had cited no authority to justify the relief they sought. (Docket Item 29.)  Plaintiffs subsequently filed the motion presently under consideration, seeking an order declaring the Court's entry of summary judgment as to the claims of Plaintiff Bernard Byrnes final pursuant to Rule 54(b), Fed. R. Civ. P.

    7.  In support of their motion, Plaintiffs argue that interests of trial efficiency weigh in favor of entering final judgment as to Mr. Byrnes' claims; as Plaintiffs argue, "[t]he legal issues regarding the claims of both plaintiffs are essentially the same," (Pls.' Br. at 5), and, should Mr. Byrnes prevail on his appeal, a subsequent trial of his claims will require the same witnesses to testify twice.  Plaintiffs also draw the Court's attention to Mr. Byrnes' age, noting that he is eighty-one years old and "may not have the ability to sustain the rigors of two separate trials."  (Id.)

    8.  The Court will deny Plaintiffs' motion.  Rule 54(b), Fed. R. Civ. P., permits a district court to "direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay . . ."  As courts have consistently observed, "Rule 54(b) certification is recognized as the exception rather than the norm" and should not "be granted routinely."  Braswell Shipyards, Inc. v. Beazer East, Inc., 2 F.3d 1331, 1335 (4th Cir. 1993) (citing Curtis-Wright Corp. v.

General Electric Co., 446 U.S. 1, 10 (1980)).  The Court's inquiry, "tilted from the start against fragmentation of appeals," Spiegel v. Trustees of Tufts College, 843 F.2d 38, 43 (1st Cir. 1988), requires balancing "considerations of judicial administrative interests (preservation of the federal policy against piecemeal appeals) and equities (justice to the litigants)."  Carter v. City of Philadelphia, 181 F.3d 339, 346 (3d Cir. 1999).  "[B]ecause the number of possible [Rule 54(b)] situations is large," the Court's inquiry is discretionary and is not tied to a fixed list of factors.  Curtis-Wright Corp., 446 U.S. at 10.  Among the considerations for which courts have accounted under Rule 54(b) are:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in a set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

Braswell Shipyards, 2 F.3d at 1335-36 (quoting Allis-Chalmers Corp. v. Philadelphia Electric Co., 521 F.2d 360, 364 (3d Cir. 1975)).

    9.  An entry of final judgment as to Mr. Byrnes' claims is not called for in this matter.  While the Court is not unsympathetic to an elderly litigant's preference for averting

the possibility (however remote)[1] of participating in two trials,

> it is well established that avoiding multiple trials is an insufficient reason to justify a Rule 54(b) certification. The possibility of a potential retrial exists in virtually every case where the district court dismisses some of the parties but proceeds to trial against others. See Hogan v. Consolidated Rail Corp., 961 F.2d 1021, 1026 (2d Cir. 1992). Permitting interlocutory appeals under Rule 54(b) based only upon the belief that "an immediate appeal might avoid the need for a retrial, . . . could only contravene the federal policy against piecemeal appeals." Id., see also McMahon v. ConAgra, Inc., 799 F. Supp. 320, 324 (W.D.N.Y. 1992) ("avoiding retrial is an improper basis for granting certification as a matter of law").

Vannest v. Sage, Rutty & Co., Inc., 8 F. Supp. 2d 243, 245 (W.D.N.Y. 1998).

    10. Nor does the final consideration advanced by Plaintiffs indicate that such an order is appropriate here. While Plaintiffs suggest that the similarity between the legal and factual issues raised by Mr. and Mrs. Byrnes' claims militates in favor of granting their motion, a close "relationship between the

---

[1] It is worth noting that Plaintiffs did not file a motion for reconsideration of the Court's December 12, 2007 Opinion, and have not identified "a clear error of law or fact" that they believe the Court committed in entering summary judgment as to Mr. Byrnes' claims. Max's Seafood Café ex rel. Lou-Ann, Inc., v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). Nor have they suggested in arguing this motion that there is "a controlling question of law as to which there is substantial ground for difference of opinion." 28 U.S.C. § 1292(b). "Though a mistake is always possible," Yankee Candle Company, Inc. v. Bridgewater Candle Company, LLC, 107 F. Supp. 2d 82, 89 (D. Mass. 2000), the Court finds the risk that the Byrneses might be subjected to multiple trials relating to the events of January 6, 2004 is decidedly minimal. In any case, such a risk "is an improper basis for granting [Rule 54(b)] certification as a matter of law." McMahon, 799 F. Supp. at 324.

adjudicated and unadjudicated claims" is in fact a reason <u>not</u> to grant a Rule 54(b) motion, not the reverse.  <u>Allis-Chalmers Corp.</u>, 521 F.2d at 364.  This is because the "possibility that the reviewing court might be obliged to consider the same issue a second time" is a critical consideration under Rule 54(b) jurisprudence, <u>id.</u>, whereas "[t]he possibility of a potential retrial" is simply irrelevant.  <u>Vannest</u>, 8 F. Supp. 2d at 245.

    11.  For the reasons explained above, the Court will deny Plaintiffs' motion for Rule 54(b) certification.  The accompanying Order will be entered.


**January 14, 2009**                  <u>s/ Jerome B. Simandle</u>
Date                                       JEROME B. SIMANDLE
                                            United States District Judge